IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN M.,[1] | ) |
| Plaintiff, | ) |
| | ) No. 20 C 4003 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Steven M.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 20] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 27] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On September 15, 2017, Plaintiff filed a claim for DIB, alleging disability since April 4, 2017. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 25, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On September 19, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. Following the denial, Plaintiff submitted additional medical records from January 2020. However, the Social Security Administration Appeals Council found that the additional evidence does not relate to the period at issue, and the Appeals Council otherwise denied Plaintiff's request for review. In light of that denial, the ALJ's decision is the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 4, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: traumatic brain injury; seizure disorder; anxiety; and degenerative disc disease of the cervical

spine. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can frequently operate foot controls with the left foot, frequently operate hand controls with the left hand, and frequently handle, finger, feel, and reach in all directions with the left hand; can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crawl, or crouch; can never work at unprotected heights, but can occasionally work around moving mechanical parts, operating a motor vehicle, exposed to vibration, or exposed to moderate noise; is able to perform simple, routine tasks and make simple, work-related decisions; and is able to interact with co-workers and supervisors occasionally, but may never interact with the public.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a chemical operator, laborer, or inspector general. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## **DISCUSSION**

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.  ANALYSIS

Plaintiff first argues that new and material evidence on Plaintiff's seizure disorder requires remand. Plaintiff further argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not consider whether Plaintiff's seizure disorder met or equaled a listed impairment in combination with his other impairments; (2) no medical opinion supported the limitations that the ALJ found were caused by Plaintiff's seizure disorder; (3) the ALJ failed to adequately consider Plaintiff's medication side effects; (4) the ALJ analyzed Plaintiff's subjective symptoms inadequately; and (5) the ALJ's hypothetical questions and RFC assessment failed to adequately account for Plaintiff's post-traumatic stress disorder and his moderate limitations with concentrating, persisting, and maintaining pace.

Plaintiff alleges disability beginning on April 4, 2017, the date on which he was shot in the right side of his head. In advancing his fifth argument, Plaintiff contends, *inter alia*, that the ALJ failed to sufficiently address Plaintiff's diagnosed post-traumatic stress disorder ("PTSD"). On that topic, the ALJ noted that "[i]n August of 2017, the claimant was diagnosed with Post-Traumatic Stress Disorder (PTSD) as part of an initial assessment for psychiatric treatment." (R. 60.) The ALJ further noted that on November 20, 2017, a psychiatric consultative examiner "diagnosed the claimant with . . . Chronic PTSD, severe." (*Id.* at 62.) Aside from these references, the ALJ's decision does not otherwise specifically address Plaintiff's PTSD beyond merely noting it.

7

The Court agrees with Plaintiff that the ALJ erred by failing to specifically assess Plaintiff's diagnosed severe PTSD in any manner. *See Agnew v. Astrue*, No. 11 C 399, 2013 U.S. Dist. LEXIS 362, at *36 (N.D. Ill. Jan. 2, 2013) ("[T]he ALJ's mere mention that Claimant suffers from PTSD and anxiety in the section of his decision discussing Claimant's RFC does not persuade us that the ALJ actually considered Claimant's PTSD or anxiety in arriving at Claimant's RFC or how those impairments factored into the ALJ's analysis."); *Lewandowski v. Colvin*, No. 16 C 9317, 2017 U.S. Dist. LEXIS 107311, at *20-21 (N.D. Ill. July 11, 2017) (finding error where ALJ failed to address claimant's PTSD diagnosis and related symptoms). Given Plaintiff's diagnosis of severe PTSD, which the ALJ acknowledged, it was incumbent on the ALJ to assess the severity of the condition, which she did not do. *See Nadira F. v. Saul*, No. 19-cv-6517, 2020 U.S. Dist. LEXIS 199688, at *6 (N.D. Ill. Oct. 27, 2020) (finding remand necessary where "the ALJ made no assessment of whether Plaintiff's PTSD was severe and did not rate the severity of this particular mental impairment at Steps Two or Three").

Defendant's sole responsive argument is that the ALJ did not err vis-à-vis Plaintiff's PTSD because doctors upon which the ALJ relied did consider Plaintiff's diagnosis. The Court rejects that argument, because the ALJ herself must "actually consider[] [a] Claimant's PTSD or anxiety in arriving at [a] Claimant's RFC." *Agnew*, 2013 U.S. Dist. LEXIS 362 at *36. *See also Miller v. Astrue*, No. 11-CV-4089, 2012 U.S. Dist. LEXIS 116396, at *37-38 (N.D. Ill. Aug. 16, 2012) ("As to the ALJ's failure to consider [claimant's] PTSD, the ALJ must consider a claimant's medical

8

situation as a whole and . . . the ALJ may not ignore an entire line of evidence that is contrary to his ruling."). Ultimately, the ALJ's failure to adequately evaluate Plaintiff's PTSD requires that this matter be remanded. *See Derry v. Berryhill*, 756 F. App'x 619, 624 (7th Cir. 2019) (finding remand necessary where "[t]he ALJ did not account for objective observations confirming the severity and persistence of [claimant's] depression, PTSD, and military sexual trauma"); *Nadira F.*, 2020 U.S. Dist. LEXIS 199688 at *8 ("[R]emand is necessary for the ALJ to properly consider Plaintiff's PTSD diagnosis.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's seizure disorder is properly analyzed in relation to listed impairments, the ALJ relies on medical opinions to the extent appropriate, Plaintiff's medication side effects are properly evaluated, Plaintiff's subjective symptoms are properly assessed, and the RFC assessment adequately accounts for Plaintiff's difficulties with concentration, persistence, and pace.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 20] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 27] is denied. The Court finds that this matter should

be remanded to the Commissioner for further proceedings consistent with this Order. Further, in light of the Court's determination that remand is necessary for the above reasons, on remand, the ALJ will have the opportunity to review and assess, as appropriate, the January 2020 medical records that Plaintiff maintains constitute new and material evidence.

**SO ORDERED.**  **ENTERED:**

**DATE:** **February 9, 2022**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**